[Civ. No. 516. Second Appellate District.—October 13, 1908.]

## KATHERINE E. JOLLIFFE, Respondent, v. F. J. STEELE, P. H. CHERRY, and G. H. CRENSHAW, Appellants.

QUIETING TITLE—ADVERSE CLAIM—RECORDED CONTRACT—OPTION TO PUR-
CHASE OR SELL—PERSONAL SERVICES—SPECIFIC PERFORMANCE.—A
contract by the owner of land granting an option to purchase or
sell at prices specified, in consideration of the promise of the gran-
tee to do all in his power to dispose thereof according to its terms,
whatever validity it may have as a basis for a claim of damages
for its breach, is incapable of specific performance, as involving
a contract for personal services of an indefinite and uncertain char-
acter, and cannot constitute a valid claim to an interest in the land.
Where an adverse claim to the land is asserted by a record of such
contract, the owner has the right to quiet his title against such ad-
verse claim.

ID.—MUTUALITY OF RELIEF ESSENTIAL TO SPECIFIC PERFORMANCE.—It
is a fundamental principle that equity will not specifically enforce
a contract against one party when it cannot be specifically enforced
against the other.

ID.—GRANT OF OPTION—INSUFFICIENT CONSIDERATION—PROPOSAL—REVO-
CATION BEFORE EXERCISE.—The express covenant of an agent au-
thorized to sell real estate that he will endeavor to sell it at a fixed
net price to the owner is not a sufficient consideration for the grant
of an option to such agent to purchase the land within a given
time at such fixed price. Such contract is a mere proposal to sell,
which is subject to revocation by the owner at any time before the
negotiation of a sale, or the exercise of such option by the agent
to purchase.

ID.—IMMATERIAL ISSUE—ABATEMENT OF ACTIVITIES OF AGENT—OMIS-
SION IN FINDING.—An issue tendered as to whether plaintiff's con-
duct in revoking the contract caused an abatement of activities of
the agent in an effort to sell the property is immaterial, and it was
not necessary for the court to find thereon.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Russ Avery, for Appellants.

J. Wiseman Macdonald, for Respondent.

SHAW, J.—Action to quiet title. Defendants appeal from judgment in favor of plaintiff, and from an order denying their motion for a new trial.

On August 18, 1904, plaintiff entered into a written agreement with defendant Steele, whereby she granted to him "the exclusive option to purchase or sell for her," at his discretion, the property described in the complaint, at the prices specified in the contract. The stated consideration moving to plaintiff from defendant was the covenants made on the part of Steele, as set forth in said contract. The only covenant contained in the contract on the part of Steele is as follows: "The said second party (Steele) hereby accepts the option to purchase or the right to sell the aforesaid property under the terms of this agreement, and agrees to do all in his power to dispose of the aforesaid property as per the terms of the agreement." By the agreement Steele was authorized to contract for certain street work and surveys of the property, the expense of which, however, was to be borne by plaintiff. For the purpose of subdividing the property, he did, as empowered, cause a survey thereof to be made for the purpose of such subdivision and sale. Plaintiff's title to the property at the time of making the contract was imperfect, which fact was known to Steele at that time. Sometime in March, 1905, plaintiff's title was perfected and Steele then proposed to proceed in an endeavor to perform the conditions of the contract on his part; whereupon plaintiff revoked the contract and notified him that she would not recognize his right to proceed under the contract and would not be bound thereby. At the time of the revocation Steele had not sold the property, nor had he done anything toward performance of the contract, except causing the said survey of the premises to be made. On May 25, 1905, Steele caused said contract to be recorded, thus constituting a cloud upon plaintiff's title; and on the 29th of May following, and after the revocation thereof by plaintiff, Steele assigned all his interest in the contract to his codefendants, Cherry and Crenshaw, who prior to the commencement of this action offered to perform all the acts required by them to be done under the terms of the contract. By the terms of the agreement it was to remain in force until the entire property was sold, during which time plaintiff was to pay all taxes and liens, and not encumber the property except with the written assent of Steele.

The defense to the action is based upon this contract, set up in a cross-complaint filed by defendants, wherein they pray the court to adjudge the agreement to be a valid agreement between plaintiff and defendants and declare it in full force and effect. By answer to the cross-complaint, plaintiff alleged that said agreement was without any consideration, and alleged a revocation thereof. The court so found.

The question involved is not necessarily the validity of the contract, but whether it is a contract supporting defendants' adverse claim to an interest in the property. It is conceded that if there was no sufficient consideration moving from defendant Steele to plaintiff, she had the right to revoke the contract at any time before a sale of the property or an exercise of the option to purchase same. It is admitted that no sale of said property, or any part thereof, was made; nor is it claimed that any of the defendants, prior to the commencement of the action, made any tender of the purchase price thereof.

Assuming, as claimed by appellants, that the promise on the part of Steele to use his best endeavors to sell the property constituted a consideration for the contract, still it was not a covenant the performance of which could be specifically enforced against Steele. At most, it was an obligation to render personal services of an indefinite and uncertain character. An obligation to render personal services cannot be specifically enforced. (Civ. Code, subd. 1, sec. 3390.) It is a fundamental principle that "equity will not specifically enforce a contract against one party when it cannot be specifically enforced against the other." (*Federal Oil Co.* v. *Western Oil Co.,* 121 Fed. 677, [57 C. C. A. 428] ; *Cooper* v. *Pena,* 21 Cal. 410; *Stanton* v. *Singleton,* 126 Cal. 658, [59 Pac. 146].) Hence, the contract is one the covenants of which were, for the foregoing reasons, incapable of specific enforcement against either party. The asserted claim made by defendants of an interest in the land is under and by virtue of this contract, and since its terms cannot be specifically enforced against the land, it necessarily follows that such adverse claim based thereon is unwarranted, and this notwithstanding the fact that such contract might constitute a basis for a claim of damages for a breach thereof.

A contract for the sale of real estate which for any reason is incapable of specific enforcement cannot form the basis of

a valid claim to an interest therein, and where such claim is asserted, the owner of the real estate is entitled to a decree quieting his title thereto.  (Code Civ. Proc., sec. 738.)

Moreover, in our opinion, the express covenant on the part of an agent authorized to sell real estate that he will endeavor to sell it at a fixed net price to the owner is not a sufficient consideration for the grant of an option to such agent to purchase within a given time at such fixed price.  Such contract is a mere proposal to sell, unsupported by sufficient consideration, and subject to revocation by the owner at any time before the negotiation of a sale or the exercise of such option by the agent to purchase.

As we view the case, it is unnecessary to discuss the failure of the court to find upon the issue as to whether plaintiff's conduct caused an abatement of Steele's activities in an effort to sell the property.  The issue is immaterial.

Judgment and order affirmed.

Allen, P. J., and Taggart, J., concurred.