[Civ. No. 583. Second Appellate District.—December 31, 1908.]

SAMUEL T. VALENTINE, Respondent, v. JOSEPH STREETON, Executor of Last Will of JAMES N. HYDE, Deceased, Appellant.

ACTION TO QUIET TITLE—CROSS-COMPLAINT—SPECIFIC PERFORMANCE OF CONTRACT TO PURCHASE—INADEQUACY OF CONSIDERATION.—In an action to quiet title against the executor of the will of a deceased person, who seeks by way of cross-complaint to enforce a contract made by the decedent with the plaintiff, to purchase the property in question, when such cross-complaint shows that, at the time of the contract, the property was worth from two and one-half to three times the value of the land, it shows on its face such inadequacy of consideration as must defeat the right to enforce a specific performance, under section 3391 of the Civil Code.

ID.—JUSTICE AND REASONABLENESS OF CONTRACT.—The rule is well established that the allegations of the party seeking specific performance must be such as to satisfy the conscience of the chancellor as to the justness and reasonableness of the contract.

ID.—ABSENCE OF RIGHT TO SPECIFIC PERFORMANCE—SOLE REMEDY FOR DAMAGES.—Where the right to a specific performance does not

exist, the only right of action, if any, is for damages for breach of the contract.

ID.—VALUE OVER PRICE INTENDED AS A GIFT IMMATERIAL—PROMISE NOT ENFORCEABLE.—It matters not that the excess of value above the price stipulated was promised or intended as a personal gift to the deceased. As such, and to that extent, if no other equitable facts intervene, the promise is not enforceable.

ID.—PROMISE NOT EQUITABLY SUSTAINED — IMPROVEMENTS UNDER LEASE FOR TEN YEARS—FINDING.—When possession was taken by the deceased under a lease for ten years, the forfeiture of which was not claimed or decreed prior to his death, and the supported finding of the court negatives the fact that improvements were made by the lessee relying upon the promise of a gift of part of the value of the land, the improvements cannot equitably sustain the promise sought to be enforced by specific performance.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. P. James, Judge.

The facts are stated in the opinion of the court. ·

F. E. Davis, and J. W. Cochran, for Appellant.

E. W. Sargent, and William G. Cooke, for Respondent.

ALLEN, P. J.—Appeal by defendant from a judgment rendered in favor of plaintiff and against defendant and from an order denying a new trial in an action to quiet title.

The record discloses that in April, 1904, Herbert Valentine, then owning certain premises described in the pleadings, executed to one Hyde a lease of said premises for a term, of ten years at the annual rental of $180, in addition to which the lessee was to pay all taxes assessed against said premises during the life of the lease, together with certain insurance premiums; it being stipulated in the lease that upon default in payment of rent or other covenant for a period of thirty days after the same became due the possession of the premises should be surrendered to the lessor. Contemporaneous with this lease an option was given by the lessor to the lessee through which the lessee was entitled, during the life of the lease, upon thirty days' notice, to purchase said premises for $3,600, provided that all indebtedness, either for rent or on account of any other obligation between the parties, should

be fully paid before date fixed by the notice as the time of election to purchase. The lease and option were made non-assignable. Hyde entered into possession of the premises and so continued until the time of his death. Afterward Herbert Valentine died and his estate, including the premises in controversy, was, on January 3, 1907, distributed to plaintiff as devisee under the last will of said Valentine. It further appears that pending the settlement of the estate of Herbert Valentine, and before distribution, plaintiff, as such devisee, on March 12, 1906, wrote to Hyde a letter in which he called his attention to the large indebtedness due the estate and his default in payment of rent and taxes, and the effect thereof upon his right under the lease, but concluded the letter with a proposition by which he agreed to sell the premises to Hyde for $2,000; and, further, that he would return to Hyde all of the notes theretofore executed by Hyde to Herbert Valentine and which were due the estate, but on the condition that such proposition was unassignable, and within one month a letter must be forwarded to plaintiff from some one willing to advance to Hyde the necessary $2,000. In the letter plaintiff says: "This offer will take the place of all previous offers which I have suggested and will be a final settlement between us, and will be to my mind a gift by me to you of a considerable sum." It is agreed that at this date the property was worth from $5,000 to $6,000. Hyde procured a building and loan association to forward a letter to plaintiff within the specified time, in which such association agreed to pay the $2,000 upon deposit of a deed with the Title Guarantee & Trust Company. Plaintiff, upon the receipt of such letter, again wrote to Hyde agreeing to forward such deed, which, however, he failed to do. Hyde before and after the receipt of these letters made improvements upon the premises exceeding in value a thousand dollars. Just what value should be attached to those made subsequent to the receipt of the letters is not made clear. They consisted in the construction of a bottling-house, changing the location of a barn, laying out a new road across two acres, and making an excavation where he expected to build a bungalow. What was the cost, or to what extent this enhanced the value of the property is not made to appear; nor is it shown that any of these improvements were based upon the agreement of purchase or the proffer of the gift, or placed thereon upon the faith thereof, and the court, in its general finding VI

upon the issue raised as to the improvements being made upon the faith of the gift and purchase finds against defendant and in plaintiff's favor. Appellant, being appointed the executor of the will of Hyde, undertook negotiations looking toward the closing up of the contract. Plaintiff, however, refused to carry out his proposition made in the letter on the ground that it was a personal matter purely with Hyde and not for the benefit of his creditors or personal representatives.

The complaint is in the ordinary form for quieting title. Appellant, as executor, filed an answer denying the allegations of the complaint and setting up by way of crosscomplaint the facts hereinbefore set out, and prayed the court that specific performance of the agreement to convey to Hyde be decreed. Upon the trial defendant disclaimed any right under the original lease, or option, but rested his claim to an interest in the premises and the right to have the contract with plaintiff specifically enforced solely upon the letters above referred to. The trial court found that defendant had no right, title or interest in the land, and that the title to the same at the commencement of the action was in plaintiff absolutely. These findings are attacked by appellant as having no support in the evidence.

Assuming that the cause of action claimed was one which survived or continued, which we do not decide, the right claimed or interest which defendant as executor had in the premises under the letters which constituted the contract must be measured by his right to have such contract specifically enforced; for, if that relief did not exist, he had no interest in the premises and his only right of action, if any, was one for damages. That specific performance could not be decreed under section 3391, Civil Code, is apparent. That section provides that specific performance cannot be enforced against a party: First, if he has not received an adequate consideration for the contract; second, if it is not as to him just and reasonable. The rule is well established that the allegations of the party seeking specific performance must be such as to satisfy the conscience of the chancellor in respect of the justness and reasonableness of the contract. The allegations of appellant in his cross-complaint are not within this rule, but, on the contrary, assert that the premises so contracted for were, at the date of the contract, worth nearly threefold the contract price. This admission as to

the inadequacy of the price is sufficient to defeat appellant's claim for specific performance. It matters not that the excess of value above the price stipulated was promised or intended as a gift. As such, and to that extent, no other facts intervening, the promise is not enforceable. "The allegations and evidence as to improvements being placed upon the land by plaintiff do not tend to obviate or cure the defects in plaintiff's case already pointed out." (*Windsor* v. *Miner,* 124 Cal. 494, [57 Pac. 386].) It will be observed that the features presented in the case of *Burlingame* v. *Rowland,* 77 Cal. 316, [19 Pac. 526], are wanting here. In that case and those relied upon for its support a gift was tendered and promised, upon the faith of which possession was taken and improvements made. In the case under consideration possession was held under a lease, the forfeiture of which had not been claimed or decreed, and under which lease Hyde continued to hold until his death, and the finding of the court negatives the fact that the improvements were made relying upon the promise of a gift.

The findings of the court on account of which error is claimed are supported by the evidence. There is nothing in the evidence even tending to show that appellant, as the personal representative of Hyde, had or owned any interest in the premises in controversy.

The judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.