[Civ. No. 1734. First Appellate District.—February 7, 1916.]

## CHARLES B. CRANE et al., Appellants, v. WILLIAM H. ROACH et al., Respondents.

BUILDING CONTRACT—SPECIFIC PERFORMANCE—WHEN NOT ENFORCEABLE. Courts of equity will not specifically enforce building contracts where performance cannot be consummated by one transaction, and when the contract, according to its terms, requires a succession of acts and a protracted supervision, with special knowledge and skill in its oversight and management.

ID.—CONTRACT OF SALE—INTEREST IN LAND—WHEN NOT ENFORCEABLE.
When a contract for sale of real estate is for any reason incapable
of specific performance, it cannot form the basis of a valid claim
to an interest therein, and when such claim is asserted, the owner
of the real estate is entitled to a decree quieting his title thereto.

ID.—AGREEMENT TO ERECT HOUSE AND RESELL PROPERTY—ACTION TO
QUIET TITLE BY SELLER—CLAIM OF INTEREST IN PROPERTY BY PUR-
CHASER—FORM OF JUDGMENT.—In an action in the usual form to
quiet title to a certain house and lot, by one holding the legal title,
in which the defendants by cross-complaint set up a contract between
plaintiffs and defendants, providing, among other things, that in con-
sideration of the transfer by defendant to plaintiffs of the land in
question, and an agreement by the former to pay the latter a certain
balance, the plaintiffs should erect a building upon the land accord-
ing to certain plans and specifications, the purpose of the convey-
ance of the land being to secure performance of the contract on the
part of defendant to repurchase the lot and building thereon, and
the evidence showed that plaintiffs failed to live up to the terms of
their contract, in that they did not erect the building according to
the plans and specifications, whereupon the defendant claimed an
interest in the real property adverse to the plaintiffs, the trial court
properly decreed that the plaintiffs should keep the house and lot
and pay to the defendant the amount of her outlay plus the enhanced
value of the lot, the court having found that the defects in the build-
ing were irremediable and depreciated the value of the building.

ID.—PLEADING — ADEQUACY OF CONSIDERATION — FAIRNESS AND REASON-
ABLENESS OF AGREEMENT.—In such a case, although the answer and
cross-complaint do not in terms allege the adequacy of the con-
sideration or the fairness of the agreement, where they do in formal
allegations set forth the facts constituting the defense and the cir-
cumstances under which both parties entered into the contract, the
statement of facts is sufficient, and a demurrer thereto is properly
overruled.

APPEAL from a judgment of the Superior Court of Ala-
meda County, and from an order denying a new trial. J. D.
Murphey, Judge presiding.

The facts are stated in the opinion of the court.

C. L. Brown, for Appellants.

Thomas F. Graber, for Respondents.

KERRIGAN, J.—This is an appeal by plaintiffs from a
judgment against them and from an order denying their
motion for a new trial.

A general statement of the facts of the case is as follows: In the month of July, 1908, the Berkeley Development Company was the owner of the land described in the complaint subject to a written contract to convey to the defendant Elizabeth D. Roach upon payment of the sum of $1,750, this sum being payable in installments. In the month of July, 1911, the defendant named had paid on account of this sum $1,088.83, leaving a balance of $661.17 unpaid. The lot of land, it seems, had between the two dates mentioned appreciated in value in the sum of $750, making the equity of Elizabeth D. Roach therein of the value of $1,838.83. At this time the defendant named made an assignment of her agreement with the Berkeley Development Company and conveyed all her right, title, and interest in and to the lot of land to the plaintiffs, whereupon the plaintiffs paid the balance due ($661.17) to the development company, and received from it a deed to the lot. As part of the transaction between Elizabeth D. Roach and the plaintiffs they entered into a written contract, whereby the latter were to erect within ninety working days a dwelling-house for the former according to certain plans and specifications. Under the terms of this contract the plaintiffs agreed to sell and convey to Elizabeth D. Roach (whom we will hereafter refer to as the defendant) the lot and house to be erected thereon for the sum of $5,515, upon which sum was to be immediately credited the amount previously paid by the defendant upon the lot, to wit, $1,088.83, the balance to be paid in monthly installments, together with interest, and upon the completion of the payments the plaintiffs were to convey the premises to the defendant by good and sufficient deed, free from encumbrances.

The complaint is in the usual form to quiet title. The defendants filed an answer and cross-complaint, denying in their answer some of the allegations of the complaint, and setting forth in their cross-complaint in legal verbiage the details of the transaction between the parties. Demurrers to both the complaint and cross-complaint were overruled, and the plaintiffs put in an answer to the cross-complaint. The evidence introduced upon behalf of the defendants showed that the house erected by the plaintiffs under the contract above mentioned differed from the plans and specifications in many material and substantial respects; that omissions and devia-

tions ran through the whole building and are practically irremediable.

Judgment went for the defendants for the sum of $1,838.83, with interest thereon in the sum of $186.64, and for their costs, the court further decreeing that upon payment to the defendant of the judgment the plaintiffs would be entitled to have their title to the premises quieted against all claims of the defendants.

We cannot agree with the contention of the plaintiffs that the evidence fails to support the findings. The record teems with evidence that the plaintiffs, in the erection of the house contracted for, departed grossly from the specifications. The court found, and the evidence shows, that the second floor of the house is not 8 feet in the clear as specified; that the basement is not 7 feet in the clear; that the foundation wall in the rear of the building is not level with the footings; that the underpinning is not 16 inches in centers; that the materials of which the building is constructed are not of the best kind, nor is it built in a workmanlike manner. An enumeration of the instances wherein the building as erected fails to comply with the plans and specifications fills about seven closely printed pages of the record; and the court concludes by finding that the house as constructed is less in value by one thousand dollars than it would have been if erected as agreed. Moreover, it appears to have been built in the improper manner described deliberately, and in spite of the constant protest of the defendants.

It appears to be settled law that courts of equity will not specifically enforce building contracts where, as here, performance cannot be consummated by one transaction, and when the contract, according to its terms, requires a succession of acts and a protracted supervision, with special knowledge and skill in its oversight and management (*Stanton* v. *Singleton*, 126 Cal. 657, [47 L. R. A. 334, 59 Pac. 146] ; and that when a contract of sale of real estate is for any reason incapable of specific performance, it cannot form the basis of a valid claim to an interest therein, and that when such claim is asserted, the owner of the real estate is entitled to a decree quieting his title thereto (*Jolliffe* v. *Steele*, 9 Cal. App. 212, [98 Pac. 544] ; *Valentine* v. *Streeton,* 9 Cal. App. 640, [99 Pac. 1107]). But in this case, while the defendants set up in their cross-complaint the contract, which, as we have seen,

provided, among other things, for the erection of a building according to certain plans and specifications, and prayed for its specific performance, it is also to be noted that they set forth other facts constituting their cause of action; and as the prayer of the cross-complaint was for general as well as for specific relief, the court was warranted, it would seem, in granting any relief consistent with the facts pleaded and proven. From the outline of the facts already given it appears that the lot of land in question was conveyed to the plaintiffs as security for the performance by the defendant of the conditions of the contract to repurchase the lot with the dwelling-house erected thereon; and certain it is, according to the evidence accepted by the trial court, that the plaintiffs failed to live up to the terms of their contract, whereupon the defendant had and claimed an interest in the real property adverse to the plaintiffs, which was a proper subject matter for consideration and adjustment in this action. Inasmuch as the plaintiffs claimed that the building was erected according to the plans and specifications, and that the lot and building were well worth the contract price—while, on the other hand, it is the contention of the defendants that the specifications were not followed, resulting in the erection of a house of inferior value, and that the only way to remedy the defects therein would be to tear down and rebuild it, it seems to us that the decree of the trial court that the plaintiffs keep the house and lot, and pay to the defendant the amount of her outlay plus the enhanced value of the lot, is a judgment eminently equitable and just.

We perceive no merit in the plaintiffs' further contention that their demurrers to the defendants' answer and cross-complaint should have been sustained, for the reason that they do not show that the consideration moving to the plaintiffs under the agreement was adequate, and that the agreement as to them was just and reasonable. It is true that the defendants' pleadings do not in terms allege the adequacy of the consideration nor the fairness of the agreement, but they do in formal allegations set forth the facts constituting their defense and the circumstances under which both parties entered into the contract, and their statement of facts in this regard is sufficiently proof against the objection raised by the demurrer now referred to. (*Windsor* v. *Miner,* 124 Cal. 492, [57 Pac. 386].)

We have examined the other assigned errors, but find nothing in them that would warrant this court in reversing the judgment or order appealed from.

Judgment and order affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 6, 1916.