[Civ. No. 8813. Second Appellate District, Division One. — April 2, 1935.]

HUBERT F. LAUGHARN, Trustee, etc., Respondent, v. W. J. BRYANT, Appellant.

A. Clarence Routhe for Appellant.

Edwin J. Miller for Respondent.

SHINN, J., *pro tem.*—Appeal by defendant from a judgment in favor of plaintiff in action for specific performance.

The complaint in this action alleges the appointment of plaintiff as trustee of the bankrupt estate of one J. F. Bryant; that a judgment was recovered by plaintiff as trustee, in the United States District Court, against W. J. Bryant, defendant herein, brother of said bankrupt, for the recovery of a large number of parcels of real property, which, by the judgment, were declared to have been fraudulently conveyed by the bankrupt; that the judgment declared the title to the property to be in the trustee in bankruptcy and awarded him some $600 in costs; and that thereafter defendant herein offered to settle said judgment and compromise said proceedings by the payment of $7,500, of which $5,000 was to be paid in cash and $2,500 by a note payable in one year at seven per cent per annum, to be secured by the real property recovered in the action in the United States District Court, in consideration for which the judgment for money was to be satisfied and such conveyances made to said W. J. Bryant, by the trustee, as should be necessary to carry out the terms of the settlement. It is alleged that the offer was accepted by the referee in bankruptcy and by the plaintiff, as trustee, and notice of said acceptance given to defendant, and that the defendant, although frequently promising so to do, has never paid the purchase price of the property, or any part thereof. A separate cause of action alleges an indebtedness of the defendant in the sum of $7,500, for money had and received, and for and on an account stated and for money had from the defendant "on account of a settlement and compromise" made between plaintiff and defendant.

The prayer of the complaint was for $7,500 damages, and interest, on the first cause of action, and for $7,500, and interest, on the second cause of action, and for general relief.

Although the prayer of the complaint under the first cause of action is for damages, yet we view the cause of action attempted to be stated as one for specific performance. No damage is alleged to have been sustained by plaintiff on account of the breach of the agreement, nor are any facts alleged from which damage may be inferred. The action was tried on the theory that it was for specific performance —at least it was not tried on any other theory—and in the trial the question of damages did not arise.

It may be noted that it is not alleged that the contract was just and fair nor is the value of the property at the time of the contract alleged, nor any other facts from which it might appear that the contract was just and fair. There is no allegation that plaintiff offered to perform the contract on his part, or that he was ready, able and willing to perform it. But these deficiencies of the complaint, in our view of the case, are not important.

The offer of the defendant was in writing. It was entitled in the action in the United States District Court, and read as follows:

"Proposition of Settlement.

"Comes now the defendant, W. J. Bryant, and without waiving right of appeal or other rights given him under the law, but expressly for the object and purpose of compromise and composition of the matters herein litigated and which are involved in said matter and offers the following:

"1. To pay into court, as soon as a contemplated loan can be put through, the sum of five thousand dollars ($5,000.00).

"2. A note for two thousand five hundred dollars ($2,500.00), at seven per cent (7%), payable on or before one year, secured by Trust Deed upon such of the property involved in said action, as may properly be required as security therefor.

"3. The same above offer is submitted in full of all claims, demands, actions and accounts, against J. F. Bryant, or this defendant W. J. Bryant, and to effect and constitute a full and complete settlement and payment of any and all accounts and demands, and counter claims and demands of the respective parties hereto, and of the claims and demands, of the respective beneficiaries under said action; and the quit claim deed to me of all the property involved in this litiga-

tion in the same title and condition as they, the Trustee, received it.

"Respectfully submitted,

"(signed) W. J. Bryant."

The uncertainties in the offer are conspicuous and are fatal to its sufficiency in an action of this character. Only one of them, we think, calls for special consideration and analysis, and that is the one providing that the trust deed shall be "upon such of the property involved in said action as may properly be required as security therefor". The agreement itself described the property as "all the property involved in this litigation", but by reference to the transcript we find that the property consisted of twenty-seven lots in six different tracts and three parcels of acreage. We regard the description of the property by reference to be sufficient, but have a different view regarding the provision for the trust deed security. There were no other writings between the parties except by correspondence which passed between them for a period of more than a year after the offer was made, during which time they continued, unsuccessfully, to negotiate the terms of their contemplated deal. The referee in bankruptcy made an order purporting to accept the offer of defendant, in which it was recited that the trustee, in the settlement, might accept as part of the consideration, the note of defendant for the sum of $2,500, payable on or before one year, secured by a trust deed, "said trust deed to be secured by such of the real property involved in this action as has an equity value sufficient to the extent of said note", but this does not help the situation, for the order does not follow the terms of the offer, the defendant was not responsible for the terms of the order, and, furthermore, never made an agreement as to which parcels would have "an equity value sufficient to the extent of said note", nor did he ever agree that any specific parcels might "properly be required as security therefor". No such agreement was either alleged or proved. Who may determine and upon what basis is it to be determined which parcels of property may properly be required as security for the debt? Must the security meet the requirements of some person or some standard, and if either, what person or standard? Is the court to usurp the authority to make a

contract for the parties where they have failed to agree with each other? Manifestly not.

Courts of equity do not decree specific performance of contracts which, in their essential features, are indefinite and uncertain. Illustrations of such contracts will be found in *Los Angeles etc. Assn. v. Phillips*, 56 Cal. 539; *Breckinridge v. Crocker*, 78 Cal. 529 [21 Pac. 179]; *Marriner v. Dennison*, 78 Cal. 202 [20 Pac. 386]; *Talmadge v. Arrowhead R. Co.*, 101 Cal. 367 [35 Pac. 1000]; *Van Slyke v. Broadway Ins. Co.*, 115 Cal. 644 [47 Pac. 689, 928]; *Wineburgh v. Gay*, 27 Cal. App. 603 [150 Pac. 1003].

We conclude, therefore, that the contract in question was too uncertain to furnish a basis for the judgment appealed from. Likewise, there could be no recovery upon what may be termed the common count, or common counts, pleaded in the second cause of action. All of the rights of plaintiff are predicated upon the contract. ▮ Relief that will be denied under a complaint for specific performance, setting forth all the facts, cannot be granted in an action in *assumpsit* depending upon the same facts. Moreover, the facts of the case would not support a recovery on the second cause of action under a theory of implied contract.

The judgment is reversed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 1, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1935.