[Civ. No. 3114.   Fourth Dist.   Apr. 24, 1944.]

THE CUTHBERT BURREL COMPANY, Respondent, v. E. H. SHIRLEY, Appellant.

Walter Gould Lincoln for Appellant.

Sidney J. W. Sharp and M. Wingrove for Respondent.

MARKS, J.—This is an appeal from a judgment quieting plaintiff's title to about 12,000 acres of land in Fresno County.

The sole question presented by appellant, on which he bases his argument for a reversal of the judgment, is that the descriptions of the property contained in the complaint and judgment are too vague and uncertain to describe any property so that the complaint fails to state a cause of action and the judgment fails to describe any property that can be identified.

Were this the ordinary case of an action to quiet title we would be compelled to sustain the argument under the rule laid down in *Aalwyn's Law Institute* v. *Martin*, 173 Cal. 21 [159 P. 158]. However, we believe that there are facts presented here that make the application of that rule unnecessary and inequitable.

The appeal is taken on the clerk's transcript alone. Appellant has caused to be incorporated in the record the exhibits introduced in evidence in the court below.

From those exhibits we learn that for many years plaintiff has been the owner of large tracts of land in the San Joaquin Valley; that on July 4, 1932, plaintiff leased the land in controversy here to Wm. Edward Wright for the term of one year; that on the same day plaintiff gave Wright an option to purchase the same and other property for the sum of $425,000, to be paid on or before January 3, 1933; that the property in controversy here was described in both instruments and in the same manner that it was described in the complaint and judgment; that on July 11, 1932, Wright gave appellant an option to purchase the same property for $1,200,000, $600,000 of which was to be paid in cash on or before January 1, 1933, and the balance by improvement bonds finally accruing July 11, 1937; that on July 11, 1940, Wright and his wife quitclaimed the property to plaintiff. The description in all of these documents corresponds exactly with those used in the complaint and judgment.

Findings of fact and conclusions of law were waived so every intendment is in favor of the correctness of the judgment and we must presume that all facts were found necessary to support it. (*Gray* v. *Gray,* 185 Cal. 598 [197 P. 945]; *High* v. *Bond*, 107 Cal.App. 153 [290 P. 145].)

The notice of appeal was filed April 16, 1943, and the record on appeal was filed June 17, 1943, so rules four to twelve, and rule 52 of the Rules on Appeal, do not apply to this case. (Rule 53, Rules on Appeal.) Therefore we must

presume that sufficient evidence was introduced in the trial court to support the judgment. (*Whitney* v. *Redfern,* 41 Cal.App.2d 409 [106 P.2d 919].) To this end we must presume that evidence was introduced showing that appellant had defaulted under the terms of his option and had forfeited all rights in the property; that experts were called who were able to locate the property in controversy from the descriptions contained in the complaint and the options; that this property was owned by plaintiff. (*E. E. McCalla Co.* v. *Sleeper,* 105 Cal.App. 562 [288 P. 146].) Thus, if we may not consider the exhibits we have referred to, these presumptions come to the aid of the judgment and support it.

No demurrer to the complaint was filed and the question of the insufficiency of the description is presented for the first time on appeal. The error could have been corrected by amendment had the defect been called to the attention of the trial judge.

The complaint, the judgment, and the two options to purchase described the property involved here in identical language. It is rather clear that the purpose of the action was to quiet title against any interest under the option held by appellant, the description of which was identical with that in the complaint and judgment. If appellant was satisfied with the description of the property contained in his option, and could locate that property from that description, he certainly was not misled when the identical description was used in the complaint and judgment.

If this description was so vague and uncertain, as claimed by appellant, as to describe no property, then appellant could not specifically enforce his option of purchase. (*Joyce* v. *Tomasini,* 168 Cal. 234 [142 P. 67]; *Eaton* v. *Wilkins,* 163 Cal. 742 [127 P. 71]; *Laugharn* v. *Bryant,* 5 Cal.App.2d 721 [43 P.2d 312].)

In *Crane* v. *Roach,* 29 Cal.App. 584 [156 P. 375], it was said:

". . . and that when a contract of sale of real estate is for any reason incapable of specific performance, it cannot form the basis of a valid claim to an interest therein, and that when such claim is asserted, the owner of the real estate is entitled to a decree quieting his title thereto (*Jolliffe* v. *Steele,* 9 Cal.App. 212 [98 P. 544]; *Valentine* v. *Streeton,* 9 Cal.App. 640 [99 P. 1107])." (See, also, *Archer* v. *Miller,*

73 Cal.App. 678 [239 P. 92]; *Sheehan* v. *Vedder*, 108 Cal. App. 419 [292 P. 175].)

As plaintiff sought to quiet its title against a purported interest, under an option, by use of the identical description contained in the option creating that interest, the judgment should not be reversed where appellant had no existing interest in the property involved and suffered no damage or prejudice from the judgment.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.