[L. A. No. 3467. Department One.—September 20, 1915.]

## JAMES R. HADDOCK, Appellant, v. I. D. KNAPP et al., Respondents.

CONTRACTS—EXCHANGE OF LANDS—SPECIFIC PERFORMANCE—DEFENSE—INADEQUACY OF CONSIDERATION—BURDEN OF PROOF.—Whatever may be the rule in the absence of statute,—and on this point the authorities in other jurisdictions are not in harmony,—section 3391 of the Civil Code and the decisions of the supreme court of California establish the rule in this state, that inadequacy of consideration is an independent and distinct ground for denying specific performance, and the burden of alleging and proving the adequacy of the consideration is upon the party seeking the relief.

ID.—DETERMINATION OF ADEQUACY OF CONSIDERATION.—In determining whether the consideration is adequate the court is not guided solely by a comparison of the price agreed to be paid with the value of the property to be conveyed, but this is a factor to be viewed by the court in conjunction with all of the other facts and circumstances of the case, and it is peculiarly a question of fact for the trial court to determine in the light of all the circumstances, which determination will not be set aside on appeal unless it is clear that it has no support in the evidence.

ID.—VALUE OF PROPERTY AND CONTRACT PRICE NEED NOT BE SAME.—It is not necessary to the granting of the relief of specific performance that the value of the property to be conveyed, as found by the court, shall be exactly equal to the price agreed to be paid. A price which may vary somewhat from the value found may be deemed adequate, if it has been fixed by the free agreement of the parties acting with full knowledge of all the conditions, and the contract is fair and just in other respects.

ID.—FINDINGS—WHEN NOT INCONSISTENT.—There is no legal inconsistency in the findings in an action for the specific performance of a contract to exchange lands that the plaintiff's property was worth one thousand eight hundred dollars, that the defendant's property was worth two thousand five hundred dollars, and that the consideration was not adequate, nor the contract fair, just, or reasonable as between the parties; and, if it is possible, as it clearly is, to suppose a state of facts under which the transfer of property worth one thousand eight hundred dollars would not be an adequate consideration for the conveyance of property worth two thousand five hundred dollars, it must be inferred in support of the judgment, that such facts were shown to the trial court.

APPEAL from a judgment of the Superior Court of Los Angeles County. William M. Finch, Judge presiding.

The facts are stated in the opinion of the court.

C. E. Joslin, for Appellant.

Amend & Amend, for Respondents.

SLOSS, J.—The plaintiff appeals from a judgment denying a decree for specific performance of an agreement to exchange real property. The appeal is on the judgment-roll alone.

It is alleged in the complaint that on June 14, 1912, the plaintiff and the defendants entered into a written agreement, whereby the defendants agreed to convey to plaintiff lot 7 of

tract 510 in the city of Los Angeles, subject to a mortgage thereon for three thousand dollars, and subject also to a lease which was to be assigned to plaintiff. Plaintiff, on his part, agreed to convey to the defendant I. D. Knapp, lots 14 and 15 of the Churchill tract in the city of Los Angeles. The complaint alleges an offer of performance on the part of the plaintiff and a refusal by the defendants to comply with their agreement. Paragraph 4 of the complaint alleges ''that said contract and the terms and conditions thereof aforesaid were and are in all respects just and fair and reasonable between the parties thereto.'' The answer admits the making of the contract and the refusal to convey, but denies the other material allegations. In particular, it denies the allegation of paragraph 4 of the complaint. It also sets up, by way of separate defense, certain misrepresentations claimed to have been made by the plaintiff in order to induce the defendants to enter into the contract, and alleges, further, that the property agreed to be conveyed by defendants was worth, over and above encumbrances, the sum of two thousand eight hundred dollars, while plaintiff's property was worth not to exceed one thousand four hundred dollars.

The court found that all of the allegations of the complaint are true, except the allegation contained in paragraph 4 with reference to the just, fair, and reasonable character of the agreement. It found against the affirmative allegations of fraud contained in the answer, and made further findings that the consideration for the agreement of exchange is and was not adequate, that the terms of said agreement are not fair, reasonable, and just; and that the plaintiff's property, at the time of the agreement, was of the value of one thousand eight hundred dollars, and defendant's property was of the value of five thousand five hundred dollars, and was subject to a mortgage of three thousand dollars.

Upon these findings judgment was entered in favor of the defendants. The appellant contends that a mere disparity between the value of the property to be conveyed, and the consideration agreed to be paid therefor, is not a sufficient ground for refusing specific performance unless the difference is so great as to ''shock the conscience of the chancellor,'' unless, that is to say, the inadequacy of consideration would, on its face, raise a presumption of fraud. Whatever may be the rule in the absence of statute—and on this point the authori-

ties in other jurisdictions are not in harmony—section 3391 of the Civil Code and the decisions of this court establish beyond the possibility of question the proposition that inadequacy of consideration is, under the law of California, an independent and distinct ground for denying specific performance. (*Morrill* v. *Everson,* 77 Cal. 114, [19 Pac. 190]; *Wilson* v. *White,* 161 Cal. 455, [119 Pac. 895].) The burden of alleging and proving the adequacy of the consideration is upon the party seeking the relief. In determining whether the consideration is adequate the court is not guided solely by a comparison of the price agreed to be paid with the value of the property to be conveyed. This is a factor, but it is to be viewed by the court in conjunction with all of the other facts and circumstances of the case. It is not, of course, necessary to the granting of the relief of specific performance that the value of the property to be conveyed, as found by the court, shall be exactly equal to the price agreed to be paid. The value of real estate can rarely, if ever, be determined with mathematical precision. Where such value is sought to be ascertained, a divergence of opinion, whether expert or lay, is usual. A price which varies somewhat from the value found may be deemed adequate, if it has been fixed by the free agreement of the parties acting with full knowledge of all the conditions, and the contract is fair and just in other respects. (*Dore* v. *Southern Pac. Co.,* 163 Cal. 182, 196, [124 Pac. 817].) A "reasonable approximation to equality" will suffice. (Id.) The law has not, however, fixed any specific degree of percentage of variation between the value found and the agreed price which must exist in order to justify a denial of specific relief. In each case it is for the trial court to determine whether, under all the circumstances, the consideration is adequate and the contract fair and reasonable. This is well illustrated by the case of *Wilson* v. *White,* 161 Cal. 455, [119 Pac. 895], where the trial court denied specific performance of a contract, whereby the defendant agreed to convey to the plaintiff for fourteen thousand dollars a tract of land found by the court to be worth fifteen thousand dollars. The judgment was affirmed, this court holding, in effect, that while the mere difference of one thousand dollars, in a fourteen thousand dollar sale, might not in and of itself be so large as to warrant a conclusion of inadequacy, the other facts of the case, when taken into consid-

eration with this difference, might show that under the particular circumstances disclosed the consideration was not adequate. "The question in such cases necessarily is," says the court, "not whether the price agreed on was the highest price obtainable, but whether such price is a fair and adequate price 'under all the circumstances.' It is peculiarly a question of fact for the trial court to determine in the light of all the circumstances, and the conclusion of that court upon the question should not be set aside unless it is clear that it has no support in the evidence. A conclusion that the price was not adequate means that it was not such as to be, under all the circumstances, a 'fair or just or reasonable' price to be paid by the vendee to the vendor." In the case just cited the record disclosed facts, which, when coupled with the findings of price and value, were held to be sufficient to support the conclusion that the price was not adequate. In the case at bar the facts are not disclosed. All that we have are the findings of the court that plaintiff's property was worth one thousand eight hundred dollars, that the defendant's property was worth two thousand five hundred dollars, and that the consideration was not adequate nor the contract fair, just, or reasonable as between the parties. From what has been said it is apparent that there is no legal inconsistency between these findings. If it is possible, as it clearly is, to suppose a state of facts under which the transfer of property worth one thousand eight hundred dollars would not be an adequate consideration for the conveyance of property worth two thousand five hundred dollars, we must infer in support of the judgment, that such facts were shown to the court below. (*Krasky* v. *Wollpert,* 134 Cal. 338, [66 Pac. 309].) It is true that the court finds that the charge of fraud set up in the answer is untrue, but the finding that the specific fraud set up was not committed is in no wise incompatible with the existence of other facts bearing on the adequacy and fairness of the consideration and tending to support the ultimate finding that the price was not adequate. Upon the bare findings it cannot be said that there was any abuse of discretion in denying the relief sought.

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.