[Civ. No. 3022.   First Appellate District, Division One.—December 10, 1919.]

## D. P. LAWSON, Respondent, v. H. C. W. STEINBECK et al., Defendants; H. C. W. STEINBECK, Appellant.

[1] AGENCY—PURCHASE OF LIVESTOCK—SUFFICIENCY OF EVIDENCE.— An agency sufficient to charge the principal for the purchase price of livestock is shown by evidence that the principal and agent entered into an agreement to the effect that the principal would pay the owner for all livestock purchased by the agent and shipped to, and received by, the principal, and that the principal would honor drafts drawn by the agent upon him, in favor of the seller, in payment for the livestock so purchased and shipped to and received by him, the agreement further providing that the principal would slaughter or otherwise dispose of the livestock, and, after deducting from the proceeds thereof the freight, handling charges, and commission for handling the same, together with the cost of such livestock, would credit the balance of the proceeds to the agent.

[2] ID.—ACTION TO RECOVER PURCHASE PRICE OF LIVESTOCK—FINDINGS —APPEAL—INSUFFICIENT SPECIFICATION OF ERROR.—On appeal from a judgment in favor of the plaintiff in an action against the principal to recover the purchase price of certain livestock purchased by an agent, a contention that "Findings I and III of a delivery (not a sale) of the livestock on certain unpleaded representations,

---

1. Proof of agency by evidence of similar acts by alleged agent, note, 17 L. R. A. (N. S.) 219.

were likewise outside of the issues," without any citation of authority, or any argument, will not be considered by the appellate court.

[3] ID.—SUFFICIENCY OF FINDINGS.—In such an action it is not essential that the trial court shall specifically find that the allegations of the complaint are true, or that the allegations of the answer are untrue, where there are specific and definite findings as to what the facts raised by each issue are, as shown by the evidence.

[4] ID.—EVIDENCE—CONVERSATIONS OF PLAINTIFF WITH AGENT ADMISSIBLE.—In an action against a principal to recover the purchase price of certain livestock, the testimony of the plaintiff as to conversation had with the alleged agent regarding the sale of the cattle is admissible to show that plaintiff dealt with the latter as the assumed agent of the defendant, and that he understood that he was dealing with him as an agent and not as a principal.

[5] ID.—DEPOSITION TAKEN AND READ BY STIPULATION—WAIVER OF CODE OBJECTIONS.—A deposition taken and read at a trial by stipulation that the same should be used "with like effect as though legal notice had been given," is not subject to the objections permitted by the Code of Civil Procedure.

[6] ID.—ADMISSIBILITY OF ANSWERS MADE BEFORE CORRECTION OF DEPOSITION.—It is not error to permit the plaintiff to put in evidence the answers made by the defendant on the taking of his deposition prior to his having corrected the same. Such answers are the proper subject of cross-examination.

[7] ID.—EVIDENCE AS TO OTHER DEALS INADMISSIBLE TO DISPROVE AGENCY.—In an action to recover the purchase price of two specific lots of cattle alleged to have been purchased by the defendant, through a third person acting as his agent, evidence as to the method of payment of drafts drawn by the latter on the defendant for other cattle and as to the entire course of dealings between the two, is not admissible to prove that such third person was not defendant's agent in dealing with the plaintiff.

APPEAL from a judgment of the Superior Court of Alameda County. Dudley Kinsell, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. E. Rode for Appellant.

R. Clarence Ogden and W. D. L. Held for Respondent.

WASTE, P. J.—This action was brought by plaintiff to recover eight hundred dollars, for hogs alleged to have been sold by plaintiff in one lot, and $825 for cattle sold by

him in another lot, to defendants Steinbeck and Moore, it being particularly alleged that Moore was authorized by Steinbeck to act as Steinbeck's agent in making said purchases. Steinbeck answered, denying the purchase of the stock, and also denying that Moore was at any time his agent in the matter. No proceedings were taken in the trial against Moore, and plaintiff had judgment against Steinbeck, from which judgment this appeal is taken.

[1] The lower court found that prior to any of the transactions had between plaintiff and Moore, Steinbeck and Moore had entered into an agreement, to the effect that Steinbeck would pay the owner for all livestock purchased by Moore and shipped to, and received by, Steinbeck, and that he, Steinbeck, would honor drafts drawn by Moore upon Steinbeck, in favor of the seller, in payment for the livestock so purchased and shipped to and received by him. The agreement also provided that Steinbeck would slaughter or otherwise dispose of the livestock, and, after deducting from the proceeds thereof the freight, handling charges, and commission for handling the same, together with the cost of such livestock, would credit the balance of the proceeds to Moore. This agreement, the court found, was in full force and effect during the negotiations between the plaintiff and Moore, and the livestock purchased by Moore from plaintiff and shipped to Steinbeck was received by the latter subject and pursuant to the terms and conditions thereof. Appellant attacks these findings as being without the issues, contending that by the allegations of the complaint and by the testimony plaintiff was seeking to hold defendant Steinbeck liable for obligations incurred through the agency of Moore, whereas the findings, he contends, "can be reasonably construed only as a finding that Moore purchased the livestock as principal." The evidence, as we construe it, supports and fully warrants the court's finding. It is, therefore, plain, so far as this phase of the case is concerned, that the plaintiff was entitled to judgment, for the circumstances of the case at bar are similar to those considered in *Thomas* v. *Moody*, 57 Cal. 215, which facts the court held constituted an agency sufficient to charge the defendant.

[2] Appellant's contention that "Findings I and III of a delivery (not a sale) of the livestock on certain unpleaded representations, were likewise outside of the issues," thus

meagerly stated, without any citation of authority, or any argument, will not be considered by us. (*Dore* v. *Southern Pacific Co.*, 163 Cal. 182, 199, [124 Pac. 817]; *Duncan* v. *Ramish*, 142 Cal. 686, 689, [76 Pac. 661].)

[3] Appellant next contends that the court failed to find on the issues as to the alleged sale and delivery of the livestock, and as to Moore's agency in the transaction. The findings on these issues are not that the allegations of the complaint are true, and do not in so many words find the allegations of the answer to be untrue. They are, however, specific and definite as to what the facts raised by each issue really were, as shown by the evidence. This is sufficient. It is not necessary that the facts found shall be in any particular form, or follow the pleadings. The law is complied with if the truth or falsity of each material allegation in issue can be demonstrated from the findings. (*Millard* v. *Supreme Council*, 81 Cal. 340, 342, [22 Pac. 864].) If the findings, taken together, are such that the court can say that the ultimate facts necessarily result therefrom, they are sufficient. (*Mott* v. *Ewing*, 90 Cal. 231, 235, [27 Pac. 194].)

The appellant argues that several of the findings are not supported by the evidence. An examination of the record discloses that findings II and IV, to the effect that Steinbeck accepted the livestock purchased by Moore, is amply supported by testimony of Steinbeck himself and his manager, Lorey. Finding V, that Steinbeck received the entire proceeds from the sale and disposition of the livestock, and, after making the deductions provided for in his agreement with Moore, applied the balance thereof upon an indebtedness owing from Moore to Steinbeck, is fully supported by the word of Steinbeck himself, when he testified, ''I sold these hogs, and steers, and heifers, and applied the proceeds to Mr. Moore's account to offset his debt to me.'' An apparent inconsistency in this finding, as to what constituted the balance of the proceeds applied to Moore's indebtedness, is immaterial and in no way affects the conclusion reached by the lower court. The phrase, ''including the cost of such livestock,'' appears to have been inserted in the wrong place. Finding VI, as to the agreement made between Steinbeck and Moore, prior to the purchase of the cattle by the latter, is conclusively established by the testimony of Steinbeck and others.

Appellant's contention that the findings do not support the judgment is equally lacking in merit. (*Thomas* v. *Moody, supra.*)

[4] Appellant's claim that the court committed error in the admission of testimony rests upon his mistaken view as to the theory upon which the case was tried and the effect to be given to the court's findings. The testimony of plaintiff Lawson, as to the conversation he had with Moore regarding the sale of the cattle, was not admitted until after the deposition of defendant Steinbeck had been read, from which the trial court held it appeared that an agency between Steinbeck and Moore might exist. Furthermore, the declarations of Moore at that time were admissible upon another theory. It was proper to show that plaintiff dealt with Moore as an assumed agent of Steinbeck, not for the purpose of proving Moore's agency or its extent, but to show that the plaintiff understood he was dealing with Moore as an agent and not as a principal. (*Swinnerton* v. *Argonaut Land etc. Co.*, 112 Cal. 375, 379, [44 Pac. 719]; *Bergtholdt* v. *Porter Bros.*, 114 Cal. 681, 689, [46 Pac. 738].)

[5] The deposition of Steinbeck, the admission of which appellant objected to, and which he moved to strike out, was taken and read at the trial by stipulation that same should be used "with like effect as though legal notice had been given." It was, therefore, not subject to objections permitted by the Code of Civil Procedure (*People* v. *Grundell*, 75 Cal. 301, 305, [17 Pac. 214]), but is governed by the stipulation and not by the statutory provision. (*Robinson* v. *Placerville etc. R. R. Co.*, 65 Cal. 263, [3 Pac. 878].)

[6] The court did not commit error in permitting the plaintiff to put in evidence the answers made by defendant Steinbeck on the taking of his deposition prior to his having corrected the same. Such answers were the proper subject of cross-examination. The objection that the deposition was read in evidence by the plaintiff, and that in seeking to show defendant's answers made before correcting the deposition, plaintiff was attempting to discredit his own witness, was of no force. (Code Civ. Proc., sec. 2055). [7] The court correctly sustained the objection of plaintiff to the endeavor of defendant to prove the method of payment of drafts drawn by Moore for other cattle than the two lots concerned in the instant case. In order to disprove plaintiff's conten-

tion that Moore was Steinbeck's agent in dealing with plaintiff, defendant sought to go into the entire course of dealings between the two, which evidence the court rightly held to be immaterial.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 5, 1920.

All the Justices concurred.