[Sac. No. 4416. In Bank.—August 27, 1931.]

J. L. COCKRILL, Appellant, v. BENJAMIN BOAS et al., Respondents.

H. L. McAllister and J. S. Josselyn for Appellant.

Norman A. Eisner for Respondents.

LANGDON, J.—This is an appeal by plaintiff from a judgment of the Superior Court of Sutter County in favor of defendants in an action seeking various forms of equitable relief. The controversy arises out of a contract for the sale of about 1600 acres of real property in said county, entered into by defendants as vendors and plaintiff as purchaser, on October 27, 1927. The sale price was specified to be $65,000, payable by an immediate deposit in escrow of the sum of $1,000, together with a note and mortgage of a third party, previously pledged with defendants by plaintiff, and the further payment of $55,000 in cash. The deed was to be deposited at once, and the balance of the purchase price was to be paid within thirty days. The same period was also allowed the purchaser to examine the title, and the vendor was given sixty days thereafter to cure any defects. An escrow was opened with a title insurance company. The sum of $1,000 was paid into escrow by plaintiff; and the note was deposited by defendants. Defendants also deposited a deed. A title search was made, and plaintiff called attention to two matters affecting the title: The absence of a patent, and litigation concerning water rights in adjoining property, between defendants and third parties. Later a question arose as to a subsisting lease on the property. The lease was terminable upon sale, and this defect was cured within the time allowed by the contract, as was also the case with the patent. Plaintiff, however, demanded that defendants bring to a successful conclusion their suit involving the easement in the adjoining property. This was not done and the present action was brought. Among other things, plaintiff asked for declaratory relief, for a constructive trust of the land in his favor, for specific performance, for an accounting, and for relief against a threatened forfeiture by defend-

ants of the sum of $1,000 paid on account of the purchase price, and specified in the contract as liquidated damages for its breach. Defendants filed an answer and cross-complaint. The court found, in substance, that the contract of sale did not include any water rights; that no defects in the title existed; that a deed had been tendered in conformity with the terms of the contract; that plaintiff had failed to deposit the balance of the purchase price, and was at no time ready, able or willing to perform his obligation to pay the balance of the price. Judgment was rendered in favor of defendants, quieting their title to the property, and forfeiting the installment payment made by plaintiff on the purchase price.

We are satisfied that this judgment was correct. A study of the complaint and of plaintiff's brief indicates that the relief sought was probably specific performance with a deduction in the purchase price as compensation for the alleged defects, although some of his testimony is inconsistent with this theory. Conceding the power of the court in a proper case to grant specific performance in this manner, an essential basis for the equitable remedy must be a showing by the plaintiff of performance, or tender of performance, or ability and willingness to perform. (*Buckmaster* v. *Bertram*, 186 Cal. 673 [200 Pac. 610]; *Peckham* v. *Stewart*, 97 Cal. 147 [31 Pac. 928]; Pomeroy, Specific Performance of Contracts, 3d ed., p. 713, sec. 323.) Plaintiff pleaded none of these things, and the record shows that he neither deposited nor tendered the balance of the purchase price within the time required by the contract, nor did he ever pay it. Moreover, it affirmatively appears from his own testimony that he was unable to do so. His intention was to borrow the greater part of the purchase money, and he had not met the conditions laid down by the prospective lender. The chief condition, he testified, was the successful termination of the suit involving the water rights. Under these circumstances he cannot have specific performance, regardless of whether defendants are in default in their performance. The obligation to pay the purchase money into escrow within the thirty-day period was, by the terms of the contract, an independent covenant, not conditioned upon deposit of the deed by the vendor; and the breach of that covenant leaves plaintiff without any right to the equitable relief sought. (*Southern Pac. R. R. Co.* v. *Allen*, 112 Cal. 455 [44

Pac. 796]; *Donovan* v. *Judson,* 81 Cal. 334 [6 L. R. A. 491, 22 Pac. 682].)

■ The only other question is whether plaintiff is entitled to the return of his deposit. Since plaintiff is in default, defendants are entitled to retain it if they have fully performed. The only serious contention made by plaintiff is that the contract was one for the sale of real property and therefore carried with it all interests comprehended by the term, including water rights. The litigation over these rights had commenced prior to the execution of the contract, and it was stipulated that plaintiff was fully informed of the facts concerning it. The contract of sale was drawn by plaintiff's attorney, and an ambiguity should not be construed in his favor. (Cal. Civ. Code, sec. 1654; *Robert Marsh & Co., Inc.,* v. *Tremper,* 210 Cal. 572 [292 Pac. 950].) But there is no ambiguity. The contract contains no reference to the litigation, and makes no mention of water rights. To construe it as requiring defendants to carry unmentioned litigation to a successful conclusion within the sixty-day period for curing defects in the title would be most absurd. The trial court's interpretation of the instrument is clearly supported by the evidence.

■ No other defects in title were pleaded nor presented at the trial. On appeal, several alleged additional defects · are set forth, reference being made to an informal report of the title search, introduced in evidence by defendants for a wholly unrelated purpose, namely, to establish its date. It is obviously improper to raise such issues on appeal, without pleading or proof in support thereof, and without an opportunity for rebuttal by the adverse party. Indeed, it does not even appear that these objections were made by plaintiff within the time specified in the contract.

The judgment is affirmed.

Preston, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.