[Civ. No. 8959. First Appellate District, Division One.—October 10, 1933.]

ALBERT WILLIAMS, Appellant, v. JOHN H. RUSH, Respondent.

George W. Bush and E. C. Jennings for Appellant.

H. R. Collins for Respondent.

GRAY, J., *pro tem.*—The plaintiff, in this action to quiet title, claims that the judgment should be reversed because (1) the affirmative defense of the answer fails to

state facts which would enable the court to decide whether it would be equitable to enforce the contract pleaded, (2) two essential findings are. contrary to the evidence, (3) the court failed to find on a material issue of title and (4) the judgment does not adjudicate the respective interests of the parties.

The complaint, in the usual form, alleges appellant's ownership and possession of described residential property and respondent's claim of an adverse interest therein, without right. The answer, with amendments thereto, denies such ownership and possession, admits such adverse interest and denies it is without right. Respondent's stipulation, during the trial, that appellant was the owner and in possession of the property, and the theory upon which the case was tried, eliminated from consideration such denial of ownership. The case was tried upon the issue as to whether under the facts, pleaded in an affirmative defense, respondent had any interest in the property. This affirmative defense, inartificially, alleges that on October 1, 1929, the parties entered into an agreement, in and by which appellant offered to sell his property for $2,400 and thereafter entered into an escrow with a title company, providing for the sale of the property to respondent and the correction of the title so as to vest an unencumbered title in respondent, and that escrow instructions, signed by appellant and made part of the sale agreement, instructed respondent and the title company to correct the title by administering the estate of appellant's deceased wife. It further alleges that, at appellant's request, respondent advanced the initial expenses of administration, fully performed everything required of him and deposited in escrow the sum of $2,400, less $100 advanced to appellant. It concludes by alleging that the sale agreement has never been rescinded, that the escrow remains with the title company, awaiting completion of the administration, that respondent is ready, able and willing to comply with the agreement and that the sum of $2,400 is the fair, reasonable and market value of the property and the terms of the contract are fair, reasonable and equitable. The prayer asks that appellant take nothing and that respondent recover his costs.

Respondent had filed a cross-complaint, more fully alleging the same facts, as are pleaded in the affirmative defense, and

requesting specific performance of the sale agreement. His dismissal, during trial, of that cross-complaint eliminated the issue of specific performance and left, as the sole issue, whether such agreement gave him any interest in the property. ■ He was entitled to assert as an equitable defense a prospective as well as a present claim in the property (*Title Ins. etc. Co.* v. *Miller & Lux Inc.*, 183 Cal. 71 [190 Pac. 433]). But such elimination did not relieve him from the necessity of pleading and proving adequacy of consideration and fairness of the agreement, since these requirements of an action for specific performance are also applicable when it is sought to subject the legal title to equitable rights created by a contract (*Archer* v. *Miller*, 73 Cal. App. 678 [239 Pac. 92]). If the conditions of the escrow had been fulfilled, respondent would not have been required to allege and prove these matters (*Law* v. *Title Guarantee & Trust Co.*, 91 Cal. App. 621 [267 Pac. 565]).

■ Although far from a model pleading because of its allegation of probative rather than ultimate facts, the affirmative defense, liberally construed, shows that the open escrow, which could not be closed pending administration of the wife's estate, gave respondent a prospective interest in the property, which would ripen into ownership upon fulfillment of the escrow's condition. ■ An answer, in a quiet title action, which seeks to subject plaintiff's title to defendant's rights under a contract is insufficient if it does not contain facts sufficient to show that the contract was just and reasonable or that the consideration was adequate (*Archer* v. *Miller, supra*). The only averment as to these matters is "that the said sum of $2400.00 is the fair, reasonable and market value of said lot 8 aforesaid and the terms of the contract between the parties are fair, reasonable and equitable". Aside from the statement of value, there is nothing more than a mere conclusion of law without facts to support it (*Baker* v. *Miller*, 190 Cal. 263 [212 Pac. 11]). ■ The sufficiency of an affirmative defense, which would have been held bad on demurrer, cannot be questioned on appeal, if the pleadings are sufficient to enable the plaintiff to understand the issue, which defendant was endeavoring to make and plaintiff went to trial without objection by demurrer or otherwise (*Rawlins* v. *Ferguson*,

133 Cal. 470 [65 Pac. 957]; see, also, *Baker* v. *Miller, supra; Law* v. *Title Guarantee & Trust Co., supra*).

The court found that, on October 8, 1929, appellant was the owner of the property, that, on said date, the parties entered into a written contract, whereby appellant agreed to sell and respondent agreed to buy the property for $2,400 and that an escrow was opened with a title company, in which appellant deposited his deed and respondent deposited $2,163. It further found that the escrow instructions contained language (set forth *in haec verba*) to the effect that the seller handed to the title company his deed, executed to respondent, which it was instructed to record when it could comply with the instructions and hold for appellant $2,400, out of which it was authorized to pay sums aggregating $113.75 and to deduct his portion of escrow expenses. It is also found that said sums were paid, with appellant's consent, by respondent outside of the escrow, by deducting items totaling $286.75, of which respondent is entitled to a credit of $236.75. Any apparent discrepancy in amount of deductions is not questioned by appellant. The findings further determine that the contract of purchase has never been canceled or rescinded and is a valid, binding and enforceable contract of sale, that the purchase price is the fair, reasonable and equitable market value of the property and that the terms of the contract are fair, reasonable and equitable and were entered into by the parties freely and without fraud, duress, misrepresentation, undue influence or undue advantage. From these findings the court concluded that appellant take nothing and that respondent recover his costs.

■ Appellant questions the finding that the parties entered into a written contract on October 8, 1929, because he claims that a subsequent disagreement as to the amount of respondent's deposit shows that the parties never agreed as to the terms of the contract. Since the escrow instructions, signed by both parties on that day, contain all the necessary constituent elements to make a contract, they are to be regarded as the written contract of the parties (*Tuso* v. *Green,* 194 Cal. 574 [229 Pac. 327]; *Neher* v. *Kauffman,* 197 Cal. 674 [242 Pac. 713]; *Thoroman* v. *David,* 199 Cal. 386 [249 Pac. 513]). The evidence does not disclose any prior contract, because it is silent as to any

prior acceptance by respondent of appellant's written offer, under date of October 1, 1929. Subsequently respondent gave the title company instructions, which reduced the amount of his deposit by crediting him with moneys claimed to have been advanced by him to appellant. Appellant never consented to this change. Since a written contract can only be altered by a written contract or an executed oral agreement (Civ. Code, sec. 1698) respondent's new instructions did not change their prior contract (*Womble* v. *Wilbur*, 3 Cal. App. 535 [86 Pac. 916]). The contract having been made, any subsequent attempt by one party to change part of its terms did not abrogate it or make it any less a contract.

■ Appellant claims that the purchase price of $2,400 was an inadequate consideration for the sale contract and that therefore the contract was unfair, unjust and unreasonable. The validity of this claim depends upon a determination as to whether the evidence supports the findings as to these matters. Two real estate experts, called by appellant, testified that the market value of the property, as of the date of the contract, was $4,250 and a third, also called by him, fixed it at $4,500. Respondent's sole expert, in the same answer on direct examination appraised such market value, first, as $2,750 and, second, as $3,450. However, appellant in his offer of October 1st and in his contract of October 8th, freely and voluntarily, and with full knowledge of the facts, fixed the price at $2,400. ■ The finding that the market value was $2,400 is sufficiently supported by appellant's opinion so expressed. (*Bird* v. *Potter*, 146 Cal. 286 [79 Pac. 970]; *Dore* v. *Southern Pac. Co.*, 163 Cal. 182 [124 Pac. 817]; *Estate of Cheda*, 58 Cal. App. 433 [209 Pac. 70].) Even if the finding as to market value should fall, it would not necessarily carry with it the remainder of the finding that the consideration was adequate and the contract was fair, reasonable and equitable. ■ An adequate consideration does not necessarily mean a price measuring fully up to the value of the property. Such comparison is but a factor to be considered with all of the other facts and circumstances (*Wilson* v. *White*, 161 Cal. 453 [119 Pac. 895]; *Dore* v. *Southern Pac. Co.*, *supra*; *Haddock* v. *Knapp*, 171 Cal. 59 [151 Pac. 1140]; *O'Hara* v. *Wattson*, 172 Cal. 525 [157 Pac. 608]; *Schader* v. *White*, 173

Cal. 441 [160 Pac. 557]). The finding of the trial court should not be set aside unless it is clear that it has no sufficient support in the evidence (*Wilson* v. *White, supra; Boulenger* v. *Morison,* 88 Cal. App. 664 [264 Pac. 256]). Appellant's anxiety to sell, without any urging by respondent, explains any difference between price and value, rather than establishing any inadequacy (*Schader* v. *White, supra*). It is undisputed that appellant received an advance on the purchase price and delivered possession to respondent and that the latter expended several hundred dollars in repair of the property. Appellant's dissatisfaction with his bargain first arose because of the delay in closing the escrow and still seems to be his principal complaint. Obviously respondent was not chargeable for such delay, due to the necessity of administering the wife's estate.

The court merely found that appellant was the owner of the property on October 8, 1929, and that, on that date, the parties entered into the contract of sale. Appellant claims that the failure to find as to the ownership, subsequent to that date and at the time of trial, requires a reversal of the judgment. While the pleadings raised the issue of ownership, such issue, as above pointed out, was eliminated by stipulation and the theory upon which the case was tried. This issue having become immaterial for lack of any dispute thereupon, it was unnecessary to make any finding thereon (*Pinheiro* v. *Bettencourt,* 17 Cal. App. 111 [118 Pac. 941]). He further complains of the failure to find the nature and extent, if any, of respondent's interest in the property. The court, however, found the probative facts that the parties entered into the contract and that its terms were valid, binding and enforceable. This finding is sufficient since the ultimate fact as to respondent's interest in the property necessarily results from the terms of the contract (*Lawson* v. *Steinbeck,* 44 Cal. App. 685 [186 Pac. 842]; 24 Cal. Jur. 970).

The judgment, following the conclusions of law, decrees that appellant shall take nothing and respondent shall recover his costs. The judgment should have decreed that appellant was the owner of the property, subject to respondent's rights under the contract of October 8, 1929, as amended. The judgment is reversed, neither party to

recover his costs on appeal, with instructions to the trial court to enter judgment in this form, just indicated (*Lantz* v. *City of Los Angeles,* 185 Cal. 262 [196 Pac. 481]).

Tyler, P. J., and Cashin, J., concurred.