[Civ. No. 3283. Fourth Dist. Sept. 27, 1944.]

ROBERT W. EICHHOLTZ, Appellant, v. JEANNETTE NICOLL, Respondent

Kenneth W. Kearney for Appellant.

Walter R. Evans for Respondent.

MARKS, J.—This is an appeal from a portion of a judgment ejecting defendant from real property in Bishop, in Inyo County, and ordering specific performance of a contract in which plaintiff had agreed to sell the property to defendant for $2,000. Only the portion of the judgment decreeing specific performance is before us for review so we need devote no time to the other.

The complaint alleged that plaintiff was the owner of the property. This was admitted by the answer and found to be true by the trial court.

Under date of September 1, 1942, plaintiff and defendant entered into a contract leasing the property to defendant at the monthly rental of $30. It contained the following provision:

"For and in consideration of the sum of one dollar, receipt whereof is hereby acknowledged, lessor does give and grant unto lessee the exclusive right and option to purchase the demised premises for the full purchase price of two thousand dollars ($2,000.00) cash. The time within which said action may be exercised by lessee shall begin at the date hereof and continue thereafter until the expiration of thirty days following such time as lessor is enabled to deliver to lessee a policy of title insurance, showing title to be vested in him free and clear of all incumbrances. Lessor does promise and agree that he will use due diligence to secure title such as to enable him to deliver the same free and clear of all encumbrances and that as soon as he is able to do so, he will notify lessee in writing, and that said option to purchase may be exercised at any time within thirty days following receipt of such notification by lessee."

There is evidence that defendant was at all times ready, willing, able and anxious to purchase the property; that several times she requested a deed to it, and once, prior to the institution of this action, offered to pay plaintiff the purchase price; that he said he could not convey it because of some litigation over the title.

This action was filed in August, 1943. Defendant answered and filed a cross-complaint asking specific performance. She deposited $2,000 in court to be paid to plaintiff.

The trial court decreed that plaintiff convey the property to defendant within thirty days after the entry of judgment, or, upon his failing to do so, that the clerk of the court execute such a deed for him.

The record shows that on March 29, 1940, the property was

conveyed to "Robert W. Eichholtz and Mary P. Eichholtz, husband and wife, as the grantees." The files in the case of *Eichholtz* v. *Eichholtz*, from the office of the County Clerk of Inyo County, were placed in evidence by reference. They were not copied into the record and have not been brought up for our inspection. Seemingly this was an action between plaintiff and Mary P. Eichholtz, his former wife, in which title to the property in question was an issue. In view of the admissions of the pleadings that plaintiff was the owner of the property, the findings of the trial court on that question, and the failure of plaintiff to raise the issue of any possible defect in his title, the effect of such a question on the decree need not be considered here at this time.

The sole point presented for a reversal of the judgment is the failure of the cross-complaint to allege, of the cross-complainant to prove, and of the trial court to find "that the consideration for the obligation sought to be enforced was adequate, just and reasonable" as stated by counsel for plaintiff.

The cross-complaint contained no allegation concerning this question and the trial court failed to find on it. There was no demurrer to the complaint, and the adequacy, justice and reasonableness of the contract and of the consideration was not made an issue in the trial court, which probably explains why there is no finding upon the question. It is presented for the first time on appeal.

None of the pleadings alleged any fact from which it may be concluded that the contract was fair, just or equitable or that the consideration for the conveyance was adequate. No evidence was offered on this subject by either party. There is no finding on it.

Section 3391 of the Civil Code provides that specific performance cannot be enforced against a party if the contract is not, as to him, just and reasonable and if the consideration is not adequate.

It has been repeatedly held that unless a complaint alleges the justice and reasonableness of the contract and the adequacy of the consideration it fails to state a cause of action; that the burden of proving this fact is on the person seeking the remedy; that this fact must be found as true in order to support a decree of specific performance. Many cases supporting this rule are to be found cited in 23 California Juris-

prudence, page 438, et seq., and page 492, et seq., and in the Ten Year Supplement, also in 21 McKinney's Digest (Specific Performance), section 116, et seq. This rule is so well established that further citation of authorities should be unnecessary.

As there is an entire lack of pleading, proof and findings on this necessary subject, the portion of the judgment appealed from cannot be sustained. The pleadings should be amended. In so doing the question of the plaintiff's title and his ability to perform his obligations under the terms of the option should be inquired into.

The portion of the judgment appealed from is reversed with instructions to the trial court to permit the parties to amend their pleadings, should they be so advised.

Griffin, Acting P. J., concurred.