[Civ. No. 15619. Second Dist., Div. Three. May 28, 1947.]

HELEN M. FOLEY, Respondent, v. S. B. COWAN et al., Appellants.

72

Ernest W. Pitney for Appellants.

William E. Empey for Respondent.

SHINN, Acting P. J.—By the judgment herein, from which defendant appeals, he was directed to convey to plaintiff a house and lot upon payment of the balance of the agreed purchase price, under a written agreement in the form of a lease from month to month, with an option to purchase for $2,650, with interest on deferred payments at 6 per cent. The rental was $30 per month, plus taxes and assessments upon the property. It provided: "When the said Party of the Second Part shall have paid in the sum of and equal to $500.00, plus interest at the rate of 6% per cent annum, payable monthly on the agreed option price from the date hereof, and all taxes and installments of bonds or assessments that become due during the term of this tenancy, together with insurance premiums sufficient to insure the premises in a sum of not less than $2,000.00, then the said Party of the First Part will execute a deed to Helen M. Foley, said deed to be subject to: a first trust deed or a first and a second trust deed for the balance of the principal payable thirty dollars a month all due in three years." The agreement contained a provision that failure of plaintiff to pay the rent at the time it fell due or to keep and perform her obligations as stated would render the instrument "null and void" and entitle defendant to reenter the premises and remove all persons therefrom, without notice and without legal liability. There was also a provision that the agreement should become "null and void" and that plaintiff's "interest and right" thereunder would terminate if she assigned the agreement or sublet the premises without the written consent of defendant. Plaintiff was the sole wit-

ness at the trial. The facts were developed by her testimony and certain written memoranda. It was established that she had paid the installments of $30 per month until she had paid in more than $800 and interest; that she exercised her option to purchase and offered to pay the balance of about $1,800, but that defendant refused to give a deed. Plaintiff deposited in escrow $3,000 to be used in the purchase and defendant deposited a deed but withdrew it for some undisclosed reason.

As excuses for his refusal to give a deed, defendant asserted at the trial (1) that plaintiff had not paid the taxes on the property; (2) that she had not carried insurance on it, and (3) that she had sublet the premises without his written consent. He claimed he had notified plaintiff by letter that he had elected to terminate the contract because of her alleged defaults. These contentions of defendant were shown by the evidence to be without merit.

With reference to the taxes, it was conceded by plaintiff that she had paid them only for the year 1941-42. The property was assessed to defendant and he received the tax bills. He sent the 1941-42 bill to plaintiff, she promptly interviewed him about it and paid him the amount of the bill. She testified that defendant then told her he would send future tax bills to her, but that he had never done so. Plaintiff's payments were made to a bank which acted as defendant's collection agent; she inquired at the bank as to where she should go to find out about taxes and was told to pay no attention to it, that when the taxes were due, Mr. Cowan would let her know. She was at all times willing and able to pay the taxes. Defendant never made demand upon plaintiff for payment of taxes after 1941-42, and under the circumstances could not justly urge her failure to pay them as a breach of her agreement.

As to the insurance, defendant admitted that she did not take out any until 1944, at which time she insured the property for $3,000, with loss payable to defendant as his interest should appear. Defendant already had the property insured by a policy expiring in 1943. Plaintiff was notified of the expiration of the policy, inquired of defendant's wife as to how the insurance had been carried, and reinsured it. No other notice was given or demand made upon plaintiff with respect to the insurance; she was at all times willing and able to bear the expense of it. Upon these facts defendant

could not justly have claimed that plaintiff was at fault in the matter of the insurance.

 Plaintiff allowed other persons to live in the dwelling house, upon condition that they pay the water, light and gas bills, while she lived in what was described as a room in the rear of the premises. She testified that this matter was discussed with defendant and that he consented to it, saying, "It is all right if you have people come in and stay with you to help you, but don't you move off the place," and when she showed him the little room she was living in he said, "You have got a lot of spunk to live in there." Not only did defendant make no claim of breach of the contract by plaintiff, but he encouraged her to make improvements on the house, which was in a bad state of repair, and plaintiff did make extensive improvements at a cost of over $1,400, many of them with the knowledge of defendant. Since defendant had knowledge of the subletting, and continued to accept payments under the agreement, subletting of the premises did not constitute a breach of the agreement of which he could take advantage. Defendant pleaded that he had sent a letter to plaintiff purporting to terminate the agreement, but it was proved that the letter was never delivered to plaintiff, was returned to defendant by mail and was in the possession of his counsel at the time of trial. Defendant made no claim to plaintiff that the contract had been breached until she offered to pay for the property and demanded a deed.

Defendant's final point is that the judgment is without support in the pleadings, the proof or the findings. The contention is that plaintiff failed to allege and prove and the court failed to make a finding that the agreement was founded upon an adequate consideration and was just and reasonable as to defendant. It is the law in this jurisdiction that in an action for specific performance plaintiff must allege and prove facts from which the court may determine that the contract was based upon an adequate consideration and was just and reasonable as to the party to be charged, and also that where these matters are in issue they must be covered by findings in order to justify a decree enforcing the agreement. (Civ. Code, § 3391; 23 Cal.Jur. 438, 493; *Eichholtz* v. *Nicoll*, 66 Cal.App.2d 67, 69 [151 P.2d 664].) We are of the opinion that defendant's contention is without merit.

The Supreme Court first declared in *Bruck* v. *Tucker*, 42 Cal. 346, that the facts which are necessary to be proved to

establish a right to specific performance must also be alleged, and in speaking of that case, Mr. Justice Temple said, in *Stiles* v. *Cain*, 134 Cal. 170, 172 [66 P. 231] : "The case cited also holds that the party seeking such relief must show, both by averment and proof, that the contract is, as to the defendant, fair and just. That the evidence must show such a case cannot be doubted, and this case distinctly holds that what must be proven on that subject must also be averred. This does not mean that it must be alleged *in haec verba* that the contract was supported by an adequate consideration, and is, as to the defendant, fair and just. These might be held insufficient, but the fact that the contract is such as will satisfy the conscience of the chancellor, in the respects mentioned, must appear from a proper statement of facts." Ever since *Stiles* v. *Cain* it has been the accepted rule that facts, and not mere conclusions, should be alleged. Allegations that the consideration for the agreement was adequate and that the agreement was just and reasonable have been declared to be mere conclusions, and inadequate as a substitute for allegations of fact. In *Joyce* v. *Tomasini*, 168 Cal. 234 [142 P. 67], a complaint which alleged "that said agreement, and the terms and conditions thereof, aforesaid, were and are, in all respects, just, fair, and reasonable between the parties thereto" was fatally defective and insufficient to support a judgment of specific performance. In *Miller* v. *Gusta*, 103 Cal.App. 32 [283 P. 946], allegations that the contract was fair and equitable and that the consideration was adequate were held fatally defective, citing *Salisbury* v. *Yawger*, 184 Cal. 783, 795 [195 P. 682] ; *Walker* v. *Clark*, 80 Cal.App. 520 [252 P. 334] ; and *Notten* v. *Mensing*, 3 Cal.2d 469 [45 P.2d 198].)

In an action for specific performance of an agreement to sell real property, the proper way to plead adequacy of the consideration is to allege the fair and reasonable value of the property and the price agreed to be paid therefor. (*White* v. *Sage*, 149 Cal. 613 [87 P. 193] ; *Williams* v. *Foss*, 69 Cal. App. 705 [231 P. 766] ; *W. G. Reese Co.* v. *House*, 162 Cal. 740 [124 P. 442] ; *Boro* v. *Ruzich*, 58 Cal.App.2d 535, 540 [137 P.2d 51].) The complaint in the instant case alleged that the sum of $2,600 "is and at all times since the execution of the agreement has been a fair and reasonable value of the property." This allegation was one covered by denial "generally and specifically of each and every allegation contained in said paragraph," etc. There was no allega-

tion in the answer as to the value of the property, and the attempted denial was not sufficient to make an issue as to value. The denial that $2,600 was the fair and reasonable value was not the equivalent of an allegation of value substantially in excess of the sum agreed to be paid. It would have been a truthful denial if the purchase price was slightly below the fair and reasonable value, but this is not sufficient.

■ A consideration, to be adequate, need not amount to the full value of the property. (*Schader* v. *White,* 173 Cal. 441, 446 [160 P. 557] ; *Haddock* v. *Knapp,* 171 Cal. 59, 62 [151 P. 1140] ; *O'Hara* v. *Wattson,* 172 Cal. 525 [157 P. 608] ; *Williams* v. *Rush,* 134 Cal.App. 554, 559 [25 P.2d 888] ; *Estate of Cheda,* 58 Cal.App. 433, 440-41 [209 P. 70].) The value as alleged in the complaint, not being sufficiently denied, was admitted. The trial judge evidently considered the denial to be a nullity, for in summing up the evidence he stated : ''You admit the fair value of the property and there is no evidence to the contrary,'' and counsel for defendant made no reply. Although there was no proof or finding as to the value of the property, none was required, since there was no issue as to value.

■ The mere allegation that the agreement was just and reasonable would not have been sufficient. Facts must be alleged from which it will appear that it would not be inequitable to enforce the agreement. ■ A complaint would be insufficient if it alleged that the agreement was just and reasonable and also alleged facts from which it appeared that it was a harsh, inequitable or unconscionable agreement. And it necessarily follows that if facts were alleged which satisfactorily showed the agreement to be just and reasonable, the allegation of a conclusion to that effect would add nothing and would be wholly unnecessary. ■ A complaint for specific performance is sufficient upon the point in question if it alleges facts, proof of which would entitle the plaintiff to a decree of specific performance. (*O'Hara* v. *Wattson, supra,* 172 Cal. 525; *Magee* v. *Magee,* 174 Cal. 276 [162 P. 1023] ; *Wolf* v. *Donahue,* 206 Cal. 213 [273 P. 547].) In the present case, the consideration being adequate, the question whether the agreement was just and reasonable as to defendant was to be determined solely from a consideration of the agreement, and principally from the terms and conditions upon which the purchase price was to be paid. The agreement was set out in full in the complaint. We are concerned only with the terms of the so-called option. Plaintiff's status

as a tenant ended with her election to purchase the property, and it is the purchase agreement only which she is seeking to enforce.

■ All questions as to the sufficiency of the complaint, the evidence and the findings with respect to the justness and reasonableness of the contract will find an answer in its major provisions, which were the following: The down payment on a purchase was to be not less than $500, plus 6 per cent interest on $2,650 from the date of the agreement, June 25, 1941, plus taxes and insurance. The balance was to be secured by trust deed payable $30 a month, including interest, all due in three years; the purchaser agreed to keep the property in good condition of repair and preservation and there were the usual provisions making time the essence of the agreement and providing for its termination upon the buyer's default. The rights of the seller were fully protected by other specific provisions and the agreement was in customary form. There were findings that the agreement was executed as alleged and that plaintiff had performed or offered to perform all of her obligations under it and had tendered the full amount of principal and interest and all other amounts due or payable under the agreement. The facts thus pleaded and found admit only of a conclusion that the agreement was just and reasonable as to the defendant. The findings therefore are not inadequate. ■ A judgment should not be reversed for the failure of the court to make a finding, if it clearly appears that the finding, if made, would necessarily have been adverse to the appellant. (*Staudigl* v. *Harper,* 76 Cal.App. 2d 439, 448-9 [173 P.2d 343]; *Nicolds* v. *Storch,* 67 Cal. App.2d 8, 19 [153 P.2d 561].) The rule is too well settled to require citation of additional supporting authorities.

The case is one which made a strong appeal for a decree requiring defendant to comply with his agreement.

The judgment is affirmed.

Wood, J., and Kincaid, J. pro tem., concurred.