[L. A. No. 20591. In Bank. June 3, 1949.]

E. F. EVARTS et al., Appellants, v. SAMUEL W. JOHNSTON et al., Respondents.

E. F. Evarts, in pro. per., for Appellants.

Clarence B. Smith and H. L. Welch for Respondents.

EDMONDS, J.—E. F. Evarts and his wife agreed to purchase a ranch owned by Samuel W. and Sarah Johnston. The Johnstons canceled an escrow agreement made by the parties for the purpose of closing the transaction, and were then sued for specific performance of the contract. The appeal of the Evarts from an adverse judgment presents for decision only the question of the sufficiency of the evidence to support the findings.

The sale price of the property as fixed by the contract was $25,000 with a first payment of $4,000. By the agreement, the Johnstons were to accept certain property, subject to an existing mortgage, for $2,750. Of this amount, the balance of $1,250 to be paid in cash. For the additional $21,000, the Evarts were to execute a note secured by a deed of trust upon the ranch, with payments at the rate of $2,500 per year. Certain encumbrances upon the land were to be paid from these installments. The contract was made subject to existing leases, the purchasers "to have the rent unpaid" on them. It also acknowledged the receipt of $100 and provided "that buyers upon deposit in said escrow of said $1150.00 shall have and [are] hereby given possession of said land in order to go upon same and prepare the unleased portion for and plant to crop."

According to the record, the Johnstons told R. S. Harrington, the real estate agent who was handling the property for them, that they must have a cash payment of $4,000. However, when Harrington interested the Evarts as prospective purchasers, he drew the contract with the provision for the equity in the Long Beach house in lieu of $2,750, but the Johnstons refused to sign it. Later, in reliance upon the representations of Harrington that he would dispose of the Long Beach property for cash, they executed the agreement. This adjustment of terms resulted from discussions between the Johnstons and Harrington and there were no direct negotiations between the sellers and the Evarts.

At the time the contract was executed by the parties, there were delinquent taxes to a considerable amount against the ranch. As time went on, Harrington was unable to sell the Long Beach house and the Evarts paid no money into the escrow. The sellers then leased a further section of the land for $1,400, of which $700 was paid in advance, and used this money for the payment of taxes. When Mr. Evarts learned of the lease, he demanded that the $700 be credited to the buyers and, at that time, paid $450 into escrow as the "balance" due on the down payment. Johnston refused to approve such a credit and stated, according to the escrow agent, that he would be "willing to put this money into escrow when [the Evarts] have deposited $4,000.00 in cash, which [they] had agreed to deposit." The demand for $4,000 instead of $1,150 was based upon the representations of Harrington as to the sale of the Long Beach house which should not be attributed to the Evarts.

From this evidence the trial court found that the parties had entered into the agreement but that: (1) "there was not a meeting of the minds of the parties . . . to this action, with respect to how or in what manner the initial or 'down' payment was to have been made under said contract"; (2) the terms of the agreement are not sufficiently certain to make ascertainable the amount of the trust deed to be given by the Evarts or the terms of the obligations assumed by the Johnstons upon the equity in the Long Beach house, and it cannot be determined from the contract whether the agreement for the sale of the Long Beach house was assignable; (3) the Johnstons received $700 from the lease but paid delinquent taxes with it; (4) the Evarts deposited in escrow only $450; (5) the Evarts were not able financially to per-

form the contract according to its terms; (6) the value of the premises was $30,000 and therefore the consideration of $25,000 was not adequate; and (7) Harrington, at the time of the agreement, was acting as real estate broker, or agent, for the Johnstons and at the same time was acting for the Evarts as an attorney at law in the negotiations and preparation of the contract. The judgment based upon these findings quieted title in the Johnstons and placed the parties in the position they occupied at the time of the making of the agreement, denying all other relief.

The Evarts, although represented by counsel in the trial court, have perfected this appeal in propria persona. Their sole contention is that the findings of the trial court are unsupported by the evidence. Regardless of the merits of this charge as directed to the first, second, sixth, and seventh findings, the record shows substantial basis for the determination that the Evarts did not perform the obligations undertaken by them.

A plaintiff may not obtain specific performance unless he has performed, or offered to perform, all of the conditions precedent required of him by the terms of the contract. (Civ. Code, § 3392; *Cockrill* v. *Boas,* 213 Cal. 490 [2 P.2d 774]; *Boulenger* v. *Morison,* 88 Cal.App. 664 [264 P. 256].) It is admitted that only $450 was paid into the escrow. The Evarts have relied throughout upon the supposed "credit" of $700 from the rents received by Mr. Johnston. However, they have suggested no legal reason why this amount should have been credited to them. The contract of sale lists specific *existing* leases and gives the purchasers the right to "rent unpaid on said leases" but no provision was made for the application of rent payable upon a lease not mentioned by the parties. The Evarts had a right to possession of the land but it was contingent upon payment of $1,150 into escrow and no claim to rents could be made until that right had accrued.

The judgment is affirmed.

Gibson, C. J., Shenk, J., and Traynor, J., concurred.

SPENCE, J.—I concur in the judgment.

Regardless of the question of whether plaintiffs were entitled to the claimed credit of $700, the judgment in favor of defendants must be affirmed for the reason that plaintiffs failed to make out a case for specific performance.

It is well settled that a person is not entitled to specific performance in the absence of pleading and proof that the contract is just and reasonable, and that the consideration is adequate. (Civ. Code, § 3391; *Haddock* v. *Knapp,* 171 Cal. 59, 62 [151 P. 1140] ; *Dore* v. *Southern Pacific Co.,* 163 Cal. 182, 196 [124 P. 817] ; *Quann* v. *Kraseman,* 84 Cal.App.2d 550, 551 [191 P.2d 16] ; *Foley* v. *Cowan,* 80 Cal.App.2d 70, 74 [181 P.2d 410] ; *Mayers* v. *Alexander,* 73 Cal.App.2d 752, 762 [167 P.2d 818] ; *Dessert Seed Co.* v. *Garbus,* 66 Cal.App.2d 838, 844 [153 P.2d 184] ; *Eichholtz* v. *Nicoll,* 66 Cal.App.2d 67, 69 [151 P.2d 664] ; *Remmers* v. *Ciciliot,* 59 Cal.App.2d 113, 116 [138 P.2d 306] ; *Page* v. *Brown,* 122 Cal.App. 12, 19 [9 P.2d 895].)

Plaintiffs failed to meet the burden thus imposed upon them, as they introduced no evidence whatever to show the value of the property. The trial court, therefore, properly made findings in favor of the defendants on the above-mentioned material issues. (*Remmers* v. *Ciciliot, supra*; *Rancho Santa Margarita* v. *Vail,* 11 Cal.2d 501, 543 [81 P.2d 533] ; Code Civ. Proc., § 1981.) Since these findings alone support the judgment, it is unnecessary to discuss the question of the sufficiency of the evidence to support the remaining findings (*Sands* v. *Eagle Oil & Refining Co.,* 83 Cal.App. 2d 312, 321 [188 P.2d 782] ) or the question of the rights of plaintiffs to the claimed credit of $700.

Carter, J., and Schauer, J., concurred.

Appellants' petition for a rehearing was denied June 30, 1949. Carter, J., voted for a rehearing.